[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2007
THOMAS K. KAHN
CLERK

No. 07-12487
Non-Argument Calendar

_____

D. C. Docket No. 06-00208-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD LAJAMES WOOTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(November 8, 2007)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Ronald LaJames Wooten appeals his conviction, after a jury trial, and 75-month sentence for being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). On appeal, Wooten argues that the government established

only that he was present in a car in which a shotgun was hidden (in the trunk) and failed to prove he had actual or constructive possession of the shotgun. He also asserts that the district court erred, at sentencing, by adding a four-level enhancement to his base offense level for possessing the shotgun "in connection with" another felony, pursuant to U.S.S.G. § 2K2.1(b)(6). Wooten admits he possessed marijuana at the same time that the shotgun was found in the car, but contends that because he did not possess the weapon "in connection with" another felony, the offense-level computation was erroneous.

Wooten preserved his challenge to the sufficiency of the evidence by moving, in the district court, for a judgment of acquittal on that basis. We therefore review that claim de novo, "view[ing] the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices drawn in the government's favor." . See United States v. Byrd, 403 F.3d 1278, 1288 (11th Cir. 2005). "'A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence.'" Id. (quoting United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999)).

"The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless

clearly erroneous." United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005) (quotations and citations omitted). The district court's determination that the defendant used a firearm "in connection with" another felony offense is reviewed for clear error. United States v. Whitfield, 50 F.3d 947, 949 n.8 (11th Cir. 1995).

The relevant facts are there. On September 28, 2006, Wooten was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Prior to trial, the parties stipulated that the firearm described in the indictment affected interstate commerce, and that the defendant had previously been convicted of a felony.

At trial, Detective Aaron Tucker of the Prichard, Alabama Police Department testified that on February 25, 2005, he saw a Blue Cadillac stopped in the middle of a street in Prichard known for drug transactions. The Cadillac, driven by Wooten, was blocking the roadway, and a man was standing beside the car with his head leaning into the window of the car. When Detective Tucker pulled behind the Cadillac, it turned on to a different street. Detective Tucker, who was driving an unmarked car, followed Wooten's Cadillac and attempted to pull him over. Tucker turned on his unmarked car's lights and siren, at which point Wooten sped away. Tucker then requested backup, as Wooten drove approximately 60 to 70 miles per hour on city streets, running red lights, until he

3

was able to enter the interstate, where he led the police on a high-speed chase through two separate jurisdictions. After Wooten exited the interstate, he sideswiped one car and rear-ended another, causing minor injuries to one driver and eventually disabling Wooten's Cadillac.

Detective Tucker testified that a search of the unlocked trunk revealed a loaded shotgun hidden behind car audio system components. According to Detective Tucker, the shotgun was too long to be hidden in the passenger compartment. The search also revealed marijuana, packaged for personal use, in the passenger compartment of the Cadillac. A check of the ownership of the Cadillac revealed that it belonged to Wooten's mother.

Wooten's mother, Janette Wooten, testified that the Cadillac came with speakers when she bought it, but that her son installed additional car stereo components, and she did not know about the stereo in the trunk. She said that she had never owned or possessed a shotgun.

At the close of the government's case, Wooten moved for a judgment of acquittal, arguing that there was insufficient evidence that he possessed or exercised control over the shotgun. The district court denied Wooten's motion. The jury found Wooten guilty and he proceeded to sentencing.

The presentence investigation report ("PSI") assigned Wooten a base offense level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6)(A), because he was prohibited from possessing a firearm. The PSI recommended a 4-level increase to Wooten's base offense level, pursuant to U.S.S.G. § 2K2.1(b)(6), because he possessed the firearm in connection with another felony offense (possession of marijuana), and a 2-level increase for the obstruction of justice, pursuant to U.S.S.G. § 3C1.2, because Wooten endangered others by fleeing from the police. With a criminal history category V and a total offense level of 20, Wooten's guideline range was 63 to 78 months' imprisonment.

Wooten objected to the PSI's two-level adjustment for the obstruction of justice, arguing that its application was improper in this case. (PSI Addendum). Wooten also objected to the PSI's four-level increase for using or possessing the firearm in connection with another felony, arguing that the firearm was not actually used or possessed during a felony offense. (Id.).

Over Wooten's objection to the § 2K2.1(b)(6) enhancement, the district court adopted the PSI's recommendations, finding that the firearm provided security and cover to facilitate Wooten's participation in illegal drug activity. After considering the circumstances of Wooten's arrest and the sentencing factors

found in 18 U.S.C. § 3553, the court sentenced Wooten to a 75-month term of imprisonment. This appeal followed.

First, Wooten challenges the sufficiency of the government's evidence on his possession of the loaded firearm. Again, the government presented evidence showing that, after a lengthy, high-speed pursuit, police arrested Wooten in a car registered to, and owned by, his mother. The police found marijuana in the passenger compartment and a loaded shotgun hidden behind stereo components in the trunk. Wooten's mother testified that she did not own any firearms and was unaware of the existence of the stereo components.

In order to prove a violation of 18 U.S.C. § 922(g), the government must show that (1) the defendant was a convicted felon; (2) the defendant knowingly possessed a firearm or ammunition; and (3) the firearm or ammunition was in or affecting interstate commerce. United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000). Here, the parties stipulated that Wooten was a convicted felon, and that the firearm affected interstate commerce. Therefore, the only element at issue is whether Wooten knowingly possessed the shotgun.

Possession may be either actual or constructive. United States v. Pedro, 999 F.2d 497, 500 (11th Cir. 1993). Constructive possession exists when a defendant (1) "has knowledge of the thing possessed coupled with the ability to maintain

6

control over it or reduce it to his physical possession even though he does not have actual personal dominion," or (2) has "ownership, dominion, or control over the contraband itself or dominion or control over the premises or the vehicle in which the contraband was concealed." United States v. Derose, 74 F.3d 1177, 1185 (11th Cir. 1996). Mere presence near contraband, or awareness of its location, is insufficient to establish possession. United States v. Gardiner, 955 F.2d 1492, 1495 (11th Cir. 1992). However, "flight from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." United States v. Borders, 693 F.2d 1318, 1324-25 (11th Cir. 1983) (citation omitted).

Here, a reasonable trier of fact readily could find that Wooten had constructive possession of the shotgun. There is no dispute that the loaded shotgun was found in the vehicle Wooten was driving, a vehicle over which he exercised dominion and control. Although the vehicle belonged to Wooten's mother, she was unaware of the stereo components in the trunk, behind which the shotgun was hidden, and she testified that she had never owned or possessed a firearm. Additionally, the jury could reasonably infer knowledge of the shotgun, based on the weapon's concealment in the trunk and Wooten's attempt to evade arrest. Therefore, construing the evidence in favor of the government, there was ample

7

evidence from which the jury would find, beyond a reasonable doubt, that Wooten constructively possessed the shotgun. Accordingly, the evidence was sufficient to sustain the conviction.

As for Wooten's sentencing argument, section 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). In United States v. Rhind, 289 F.3d 690, 695 (11th Cir. 2002), we stated that the phrase "in connection with" should be given its ordinary meaning. The phrase appears throughout the Guidelines, and we have consistently held that it should be given an expansive interpretation. See, e.g., id. Thus, in United States v. Jackson, 276 F.3d 1231, 1234 (11th Cir. 2001), we noted that, in certain circumstances, mere possession of a firearm can be enough to apply a sentencing enhancement utilizing the "in connection with" language. According to its ordinary and natural meaning, the phrase "in connection with" does not require proof that the firearm actually facilitated the other felony offense. See Rhind, 289 F.3d at 695; see also U.S.S.G. § 2K2.1(b)(6), cmt. n. 14(A) (noting the applicability of the section where the firearm "had the potential of facilitating" another offense punishable by imprisonment for a term of over one year) (emphasis added).

8

We also have recognized that guns are the "tools of the drug trade," as there is a "frequent and overpowering connection between the use of firearms and narcotics traffic." United States v. Pham, 463 F.3d 1239, 1246 (11th Cir. 2006). In Rhind, we rejected the idea that the presence of firearms in the same vehicle as counterfeiting supplies was "mere coincidence," noting that "it would be reasonable to conclude that the presence of the firearms protected the counterfeit money from theft during the execution of the felony." 289 F.3d at 695. Moreover, contrary to Wooten's suggestion, we have never required that a firearm be located within arm's reach for the enhancement to apply. See United States v. Flennory, 145 F.3d 1264, 1270 (11th Cir. 1998) (concluding that a firearm found in the defendant's vehicle was possessed in connection with a felony drug offense taking place across the street, because it could be easily retrieved if necessary), superseded on other grounds, United States v. Brown, 332 F.3d 1341 (11th Cir. 2003).

Here, the district court did not clearly err by determining that Wooten possessed the shotgun "in connection with" his possession of marijuana, for purposes of § 2K2.1(b)(6). The marijuana and the shotgun were in his possession at the same time. The shotgun need not have facilitated the marijuana possession, but here it did have the potential to do so. There is a strong connection between

9

firearms and drugs. Moreover, the weapon, located in Wooten's unlocked trunk, was readily accessible to him if he needed its protection. Accordingly, we affirm his sentence.

**AFFIRMED.**