[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13593
Non-Argument Calendar

_____

D.C. Docket No. 07-80039-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ELIU GARCIA,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2008)

Before BARKETT, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Eliu Garcia appeals his 96-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Garcia argues that the district erred by applying a four-level enhancement to his base offense level, pursuant to U.S.S.G. § 2K2.1(b)(6), for possession of a firearm in connection with another felony offense where, according to his claims, the only evidence of facilitation was a speculative inference based on the proximity of the gun to the drugs found in his car.[1]

"[We] review[] the district court's application and interpretation of the sentencing guidelines under the de novo standard of review, but review[] its findings of fact for clear error." United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002).  "For a factual finding to be 'clearly erroneous,' [we], 'after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed.'"  United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (citation omitted).

In calculating the guideline range for a firearm possession offense under § 922(g), a four-level increase to the base offense level is required "[i]f the

[1] As is noted at the close of this opinion, there is additional evidence that supports the district court's determination.  Specifically, Garcia made a statement from which one could infer that he possessed the firearm to protect his drugs from theft.  Furthermore, in the record excerpts provided by Garcia, the district court judge explicitly stated that he did not rely solely on the proximity of the gun to the drugs to find that Garcia possessed the gun in facilitation of the other felony.

defendant . . . possessed any firearm . . . in connection with another felony offense . . . ." U.S.S.G. § 2K2.1(b)(6). Effective November 1, 2006, the Guideline was amended to add the following commentary:

> 14. "In Connection With".--
>
> (A) In General.--Subsection[] (b)(6) . . . appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . .
>
> (B) Application When Other Offense is Burglary or Drug Offense.-- Subsection[] (b)(6) . . .appl[ies] . . . in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In these cases, application of subsection[] (b)(6) . . . is warranted because the presence of the firearm has the potential of facilitating another felony offense . . .

U.S.S.G. § 2K2.1 cmt. n.14 (2006) (emphasis added). "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993).

In cases addressing the "in connection with" language prior to the recent Amendment, we, relying on analogous guideline provisions, have suggested that mere possession might be enough to apply the enhancement in circumstances where it is reasonable to assume that the defendant possessed the firearm to

3

prevent the theft of property related to the underlying offense. See Rhind, 289 F.3d at 694-96 (holding that defendants possessed firearms in connection with counterfeiting offenses where it was reasonable to conclude that the presence of the firearms protected the counterfeit money); United States v. Jackson, 276 F.3d 1231, 1234-35 (11th Cir. 2001) (noting we have held, in addressing the "in connection with" requirement of analogous guideline provisions, that an enhancement is properly applied where it was reasonable to assume possession was for prevention of theft). Although these cases were decided prior to the Amendment, a firearm possessed for theft protection would have the potential to facilitate the underlying offense. See Jackson, 276 F.3d at 1234-35.

Here a loaded firearm was discovered in close proximity to a few week's worth of Garcia's personal use drugs. Moreover, when Garcia was arrested, he asked the arresting officer not to take the drugs because " they will kill me." From these factors, an inference could be drawn that Garcia carried the firearm to prevent the theft of the drugs. Thus, the district court did not clearly err by finding that the firearm was used in connection with Garcia's felony drug possession. Accordingly, we affirm.

**AFFIRMED.**

4