[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08- 10219
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00150-CR-JFN-4

UNITED STATES OF AMERICA,

Plaintiff-Appelle,

versus

JAMARR SIMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(September 10, 2008)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Jamarr Hakeen Simmons appeals a four-level enhancement to his sentence for using or possessing a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6), following his guilty plea to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). The district court found that Simmons's firearm possession had the potential to facilitate the underlying drug possession felony. We AFFIRM.

## I. BACKGROUND

According to the facts in the presentence investigation report (PSI), Savannah-Chatham Police Officer C. Debnam observed Simmons and another male behaving suspiciously near a gas station in Savannah, Georgia. Officer Debnam stopped Simmons and asked if Simmons had anything on his person that would be of concern to the officer. Simmons admitted to carrying a small amount of marijuana. Officer Debnam searched Simmons for the marijuana and found a loaded Lorcin .25 caliber semiautomatic pistol in his front pants pocket along with the small, plastic baggie of marijuana. Simmons was arrested and charged with possession of a firearm by a convicted felon and possession of marijuana.

The probation officer determined Simmons's guideline range to be 57-71 months of imprisonment. Simmons had a criminal history category of IV and a

total offense level of 21. He began with a base offense level of 20, pursuant to U.S.S.G. § 2K2.1. He received a three-level downward adjustment for acceptance of responsibility in accordance with U.S.S.G. § 3E1. Simmons received a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) because he possessed a firearm in connection with another felony. [1]

Simmons objected to the four-level enhancement. Simmons acknowledged that his possession of the marijuana constituted a felony offense because of his prior conviction for selling a controlled substance, but argued that the government had not proven that he possessed the gun "in connection with" the marijuana possession. Simmons's objection relied on the 2006 amendment to the Guideline Commentary which, according to Simmons, clarifies the meaning of the "in connection with" language. Simmons argued that the firearm must "facilitate" the underlying offense. He maintained that the enhancement is warranted in situations of drug trafficking but not mere possession of drugs for personal use. Thus, Simmons asked the district court to conclude that the amount of marijuana he possessed was so small that the firearm could not reasonably be determined to have facilitated the felony drug possession.

---

[1] Simmons's possession of a small amount of marijuana is considered a felony offense under 21 U.S.C. § 844(a).

At the sentencing hearing, the district court heard arguments from both parties and testimony from Officer Debnam on the applicability of the four-level enhancement. The district court denied Simmons's objections to the four-level enhancement, adopted the PSI and imposed a 65 month term of imprisonment. R3 at 45, 48. The court held that it was not a close case as to whether he was using the gun in connection with the drugs involved and the amount of drugs would not release Simmons from responsibility for the four-level enhancement. R3 at 47.

Simmons appeals his sentence, arguing that the district court improperly enhanced his sentence through the application of U.S.S.G. § 2K2.1(b)(6). Simmons argues that the possession of the firearm did not facilitate or have the potential to facilitate his possession of a small amount of marijuana. He contends that the facts of his possession of the gun and marijuana are distinguishable from the cases in which we have found U.S.S.G. § 2K2.1(b)(6) applicable. Specifically, the enhancement is inapplicable in cases in which the underlying felony offense is simple drug possession. Simmons maintains that application of U.S.S.G. § 2K2k.1(b)(6) is limited to drug trafficking offenses when the firearm is found in close proximity to drugs, drug manufacturing materials, or drug paraphernalia.

## II. DISCUSSION

We review a district court's application and interpretation of the guidelines de novo and its factual findings for clear error. United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotation omitted).

In calculating the guideline range for a firearm possession offense under § 922(g), a four-level enhancement of the base offense level is required "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6) (2007). "The government bears the burden of establishing by a preponderance of evidence the facts necessary to support a sentencing enhancement." United States v. Kinkard, 472 F.3d 1294, 1298 (11th Cir. 2006) (per curiam).

Until 2006, the phrase "in connection with," as used in U.S.S.G. § 2K2.1(b)(6), was not defined by the Sentencing Guidelines. U.S.S.G. App. C. at amd. 691; See Rhind, 289 F.3d at 695 (noting that the Guidelines do not define the phrase "in connection with"). The 1 November 2006 Guidelines Manual included an amendment stating that "[s]ubsection[] (b)(6) appl[ies] if the firearm or

5

ammunition facilitated, or had the potential of facilitating, another felony offense. . . ." U.S.S.G. § 2K2.1, comment. (n. 14(A)) (2006). The 1 November 2007 Guidelines also include this application note. U.S.S.G. § 2K2.1, comment. (n. 14(A)) (Nov. 2007). "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." United States v. Stinson, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993).

Prior to the amendment of the Guideline Commentary defining "in connection with," we rejected the notion that a firearm must facilitate the underlying offense to trigger application of the four-level enhancement. Instead, we interpreted the statutory language according to its "ordinary meaning". See Rhind, 289 F.3d at 695.[2] Since the amendment of the Guideline Commentary, we have not addressed the effect of the amended Commentary on our interpretation of U.S.S.G. § 2K2.1(b)(6) in a published opinion. We have, however, addressed the issue in a number of unpublished opinions. In United States v. Wooten, we continued to construe the phrase "in connection with" according to its ordinary

---

[2] In Rhind, we broadly construed the "in connection with" language to mean that an enhancement applied to a situation in which the defendants committed a counterfeiting offense with the use of a car that contained unloaded firearms. We held that it was "reasonable to conclude that the presence of the firearms protected the counterfeit money from theft during the execution of the felony." Rhind, 289 F.3d at 695.

6

and natural meaning. United States v. Wooten, 253 Fed. App'x 854, 857 (11th Cir. 2007) (per curiam). We reasoned that the Guideline does not require proof that the firearm actually facilitated the other felony offense, but focused on the fact that the firearm had "the potential of facilitating" the underlying offense.[3] Id. at 858. More recently, we have explained that "a firearm possessed for theft protection would have the potential to facilitate the underlying offense". United States v. Garcia, No. 07-13593, slip at 4 (11th Cir. Apr. 8, 2008).

Simmons argues that the § 2K2.1(b)(6) enhancement does not apply because he was not charged with drug trafficking, but rather mere possession of a small amount of marijuana. However, nothing in the Guidelines or the Commentary suggest that U.S.S.G. § 2K2.1(b)(6) does not apply to drug possession offenses. Section 2K2.1(b)(6) states only that the firearm must be possessed in connection with another felony offense, and, although Application Note 14 contains special instructions with regard to drug trafficking offenses, it specifically states that "another felony offense"

---

[3] In Wooten, an officer observed the defendant's car stopped in the middle of a street known for drug transactions while a man stood beside the car leaning into the window of the car. 253 Fed. App'x 854, 856. After arresting the defendant and searching the car, the officer found marijuana packaged for personal use and a loaded shotgun in the unlocked trunk. Id. We held that the district court did not clearly err in finding that the shotgun was possessed "in connection with" the marijuana possession. Id. at 858. The court reasoned that the shotgun had the potential of facilitating the possession since it was readily accessible if the defendant needed protection. Id.

includes "any federal, state, or local offense ... punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained". U.S.S.G. § 2K2.1, comment. (n.13(B), (C)). Thus, even though Simmons possessed only a small amount of marijuana, the drug possession constitutes a felony in this case and it qualifies for the enhancement. Moreover, we have applied the § 2K2.1(b)(6) enhancement to situations of drug possession similar to this case. See e.g.s Garcia, No. 07-13593, slip at 4; Wooten, 253 Fed. App'x at 858.

Although Simmons argues that the firearm was not possessed for the purpose of protecting such a small amount of marijuana, Officer Debnam testified that he had heard of situations in which a person pulled a gun on someone who was trying to rob them of a small amount of marijuana. R3 at 33. Additionally, Officer Debnam testified that drug dealers working in the area in which Simmons was arrested typically possessed small amounts of drugs and carried small caliber weapons for the purpose of protecting themselves. Id. at 28-29. That the marijuana was found in the same pocket as the firearm establishes a link between the firearm and the drugs which might indicate that the gun was possessed for the purpose of protecting the drugs from theft. We have previously held in an unpublished opinion that a firearm located in the trunk of a car had the potential to

facilitate possession of drugs. Wooten, 253 Fed. App'x at 858. A gun placed in the same pocket as the marijuana is more accessible and has a greater potential to facilitate possession. Even if there were insufficient evidence to establish that Simmons was engaging in drug transactions, there is evidence to allow the district court to conclude that the gun was possessed for the purpose of protecting the drugs from theft. Since possession of a firearm for theft protection has the potential to facilitate the underlying offense, the district court's conclusion warrants the application of the § 2K2.1(b)(6) enhancement. Garcia, No. 07-13593, slip at 4.

The evidence presented in the PSI, along with Officer Debnam's testimony at the sentencing hearing, was sufficient to establish that Simmons's possession of a firearm had the potential to facilitate the felony possession of marijuana. Accordingly, we discern no reversible error and affirm the application of the four-level enhancement of U.S.S.G. § 2K2.1(b)(6).

### III. CONCLUSION

On appeal, Simmons argues that the district court erred in concluding that U.S.S.G. § 2K2.1(b)(6) applies to the facts of this case because the firearm he possessed was not used "in connection with" another felony offense. As we have

9

explained, the district court did not err in its application of the enhancement.

Therefore, the sentence imposed by the district court is **AFFIRMED.**