[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2001
THOMAS K. KAHN
CLERK

_____

No. 01-10396

_____

D.C. Docket No. 00-08043-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE PRESCOTT JACKSON,
a.k.a. John Gordon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 21, 2001)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

This appeal presents two issues: (1) whether the district court properly

enhanced the defendant's sentence for illegal possession of a firearm under U.S.S.G. § 2K2.1(b)(5), which allows a 4-level enhancement for using or possessing a firearm in connection with a different felony offense than the offense of conviction, and (2) whether the district court impermissibly counted the same conduct twice in applying two separate enhancements at sentencing.

## I.    *Background*

Lawrence Prescott Jackson was a passenger in a vehicle stopped by two Florida police officers who observed the car cross over the center lane of a street. Jackson identified himself to police as John Gordon, under whose name there was an outstanding warrant.  Police then advised Jackson that he was under arrest and attempted to handcuff him, but Jackson resisted.  A struggle ensued during which, according to the testimony of two arresting officers, Jackson repeatedly attempted to reach into his left pant-pocket.[1]  With the help of two additional officers dispatched to the scene, Jackson was eventually subdued and handcuffed.  A subsequent search of his left pant-pocket revealed a .38 caliber Beretta pistol.[2]

---

[1]One of the officers was later diagnosed and treated for a hairline fracture of his right wrist that he suffered as a result of this struggle.

[2]A subsequent search of the vehicle revealed a bag containing 66 grams of crack cocaine. Jackson denied any knowledge of the cocaine, and we do not consider it here in review of the issues presented.

Jackson, who previously had been convicted of felonies, was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); he pleaded guilty. At sentencing, he objected to a 4-level enhancement for possession of a firearm "in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(5), contending that its requirements had not been met. Jackson also objected to a 3-level enhancement pursuant to U.S.S.G. § 3A1.2(b) for having created a substantial risk of bodily injury to a police officer. He argued that application of both enhancements constituted improper double counting because they were based on the same underlying conduct. The district court rejected both objections, and sentenced Jackson to 120 months' imprisonment.

## II. Discussion

### A. The Firearm Enhancement Under § 2K2.1(b)(5)

The district court applied a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) for possession of a firearm in connection with a felony offense separate from the offense of conviction.[3] It found that Jackson assaulted and battered the arresting officers, constituting commission of a felony offense

---

[3]"If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels." U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2000).

different than the underlying firearm possession charge. The court further found that his reaching for the weapon during that assault established the "in connection with" requirement of the provision because he had intended to reach the gun to aid in the commission of the felony assault. In deciding this, the court credited the testimony of the officers that Jackson continuously had reached for his pant-pocket as he resisted arrest.

We will not disturb the sentencing court's factual findings absent clear error. United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999). We review de novo, however, the court's application of the Sentencing Guidelines to those facts. United States v. Cannon, 41 F.3d 1462, 1466 (11th Cir. 1995).

Jackson presents two arguments that the district court improperly applied U.S.S.G. § 2K2.1(b)(5) to increase his base level offense. First, he argues that the assault and battery on which the court based the enhancement does not constitute "another felony offense" within the meaning of the guideline. In the alternative, he contends that his possession of the firearm was not "in connection with" the assault and battery. We examine each argument in turn.

Jackson asserts that there must be either "a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct" before an enhancement can be applied under § 2K2.1(b)(5). United States v.

4

<u>Sanders</u>, 162 F.3d 396, 400 (6th Cir. 1998). Here there was a clear distinction between the conduct involved in his offense of conviction– illegal possession of a firearm– and the assault on which the enhancement was based; the former involved the mere carrying of a firearm on his person while the latter involved a violent struggle against his arrest.[4] Further, there is no requirement that the two felony offenses not be committed contemporaneously. <u>See, e.g.</u>, <u>United States v. Gainey</u>, 111 F.3d 834, 837 (11th Cir. 1997) (upholding an enhancement under the materially identical language of U.S.S.G. § 4B1.4(b)(3)(A) where the defendant possessed a loaded pistol in his pocket at the same time that he illegally possessed controlled substances).

Jackson also argues that even if he committed two distinct felony offenses, the facts of his case cannot support a finding that his possession of the Beretta was "in connection with" the assault and battery. He contends that because he never actually reached the handgun in his pocket, he could not have "used" the firearm "in connection with" the assault under the meaning of the guideline. He further argues that mere possession of a firearm is insufficient to justify an enhancement

---

[4]The fact that the assault and battery is a felony under state law, as opposed to federal law, is irrelevant to application of a § 2K2.1(b)(5) enhancement. "'Felony offense,' as used in subsection (b)(5) means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1(B)(5), cmt. 7.

under § 2K2.1(b)(5) where there was no clear intent to use to facilitate the crime. Jackson maintains that there was no such clear intent here because the testimony of the officers concerning his efforts to reach the gun was speculative.

In addressing the "in connection with" requirement of other guidelines with relevant language identical to that of § 2K2.1(b)(5), we have held that, in certain circumstances, mere possession of a firearm can be enough to apply a sentencing enhancement. For instance, where it is reasonable to assume that a defendant possesses a firearm, even without using it, to prevent the theft of counterfeit currency in his possession, an enhancement is properly applied. United States v. Matos-Rodriguez, 188 F.3d 1300, 1308 (11th Cir. 1999), cert. denied, 529 U.S. 1044 (2000) (upholding an enhancement under U.S.S.G. § 2B5.1(b)(3) for possession of a firearm in connection with the sale of counterfeit currency). Similarly, a defendant possesses a firearm "in connection with" possession with intent to distribute heroin where he possesses both the gun and the narcotics on his person at the same time. Gainey, 111 F.3d at 837. We reasoned that under such circumstances, it made sense to conclude that the firearm potentially emboldened the defendant to undertake illicit drug sales. Id. In both Matos-Rodriguez and Gainey, the defendants armed themselves in advance of or during the commission of the felony offenses on which their enhancements were based. Furthermore, their

6

crimes, both involving possession of contraband, lend support to an inference that the defendants would have, if necessary, used their firearms in furtherance of their crimes. We thus conclude that possession of a firearm with intent to use it to facilitate the commission of a felony offense, or with intent to use it should it become necessary to facilitate that crime, is possession "in connection with" that offense.

This case, however, is factually distinguishable from the cases discussed above. Here there is no evidence that the defendant armed himself as part of a preconceived plan to commit assault and battery upon a police officer. Further, it is difficult to infer from the nature of the crime alone that Jackson intended to use the gun that was in his possession at the time of the assault. Nevertheless, there are facts here that allow us to conclude that Jackson had an intent to use the firearm in commission of his crime. The district court credited the testimony of the officers that Jackson was reaching into the pocket which contained the pistol, and we find no clear error in its doing so. It is a reasonable finding of fact to conclude from this testimony that the defendant made a real and determined effort to use the gun in connection with the assault in some manner.

Even if Jackson did not contemplate using the gun in another felony offense

7

when he armed himself, he later attempted to take the gun from his pocket during the commission of a felony assault. Had Jackson successfully pulled the pistol from his pocket, there is no doubt that the enhancement would apply. Were actual use required for the enhancement, then there would be no need for the Guidelines to include *possession* as an alternative to *use*. See U.S.S.G. § 2K2.1(b)(5). Jackson's attempted use was sufficient to convert his possession of the firearm into possession of the firearm "in connection with" that crime.

### B.     *The Double Counting Issue*

In addition to the 4-level enhancement discussed above under U.S.S.G. § 2K2.1(b)(5), the district court applied a 3-level enhancement under U.S.S.G. § 3A1.2(b) for having created a substantial risk of serious bodily injury to a person the defendant knew or had reason to believe was a law enforcement officer.[5]

We review de novo whether a cumulative enhancement of a sentence under two separate guidelines constitutes impermissible double counting. Matos-Rodriguez, 188 F.3d at 1310.

---

[5] "If– during the course of the offense or immediate flight therefrom, the defendant... knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury, increase by 3 levels." U.S.S.G. § 3A1.2(b) (2000).

Jackson does not contest the factual basis in this case for application of an enhancement under § 3A1.2(b), but argues that because the two enhancements are based on essentially the same conduct– the assault of the officers– the application of both constitutes improper double counting on the part of the district court.

This court has not addressed the issue of whether there is impermissible double counting when a defendant receives an enhancement under both § 2K2.1(b)(5) and § 3A1.2(b). We have held, however, that "[d]ouble counting a factor during sentencing is permitted if the Sentencing Commission (Commission) intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." United States v. Stevenson, 68 F.3d 1292, 1294 (11th Cir. 1995); see also Matos-Rodriguez, 188 F.3d at 1309 (holding that "[i]mpermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment of a kind of harm that has already been fully accounted for by application of another part of the Guidelines"). We apply a presumption that the "Commission intended to apply separate guideline sections cumulatively unless specifically directed otherwise." Matos-Rodriguez, 188 F.3d at 1310; Stevenson, 68 F.3d at 1294; see also U.S.S.G. § 1B1.1, cmt. 4 (2000) ("Absent an instruction to the contrary, the adjustments from different guideline sections are applied cumulatively (added together).").

In this case, there is no direct prohibition on assessing enhancements under both § 2K2.1(b)(5) and § 3A1.2(b).  Further, § 2K2.1(b)(5) is contained in Chapter Two of the Guidelines, which according to its title concerns offense conduct and characteristics, while § 3A1.2(b) is found in Chapter 3A, dealing with victim-related adjustments.  Cf. United States v. Adeleke, 968 F.2d 159, 161 (11th Cir. 1992) (holding that the criminal history section and an enhancement for offense specific conduct under Chapter 2 serve "divergent" policies, and thus could consider the same underlying behavior).  Moreover, the Guidelines instruct sentencing courts to determine the offense guidelines from Chapter 2 applicable to the offense of conviction and then to apply relevant victim-related adjustments from Chapter 3A.  See U.S.S.G. § 1B1.1 (2000).[6]  We therefore conclude that the district court did not impermissibly double count the same conduct in applying enhancements at sentencing.


## III.   Conclusion

---

[6]

(a) Determine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction.  See § 1B1.2.  (b) Determine the base offense level and apply any appropriate specific offense characteristics, cross references, and special instructions contained in the particular guideline in Chapter Two in the order listed.  (c) Apply the adjustments as appropriate related to victim, role, and obstruction of justice from Parts A, B, and C of Chapter Three. . . .

U.S.S.G. § 1B1.1.

Based on the foregoing, we AFFIRM the district court with regard to both issues on appeal.


AFFIRMED.