UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 02-4173

SAMUEL MACK BATEY, JR.,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-01-214-5)

Submitted: July 25, 2002

Decided: August 8, 2002

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Mary Lou Newberger, Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Samuel Mack Batey, Jr., entered a guilty plea to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of eighty-seven months imprisonment. Batey appeals his sentence, contesting the enhancement he received for possession of a firearm in connection with another felony offense pursuant to *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2000). We affirm.

Batey sold marijuana to a confidential informant at his home on May 1, 2000. Police executed a search warrant at his home on the same day. A search of the premises uncovered two loaded firearms within eight feet of approximately fifty-two pounds of marijuana. Batey admitted that he possessed the firearms and had pled guilty to state charges of possession with intent to distribute the marijuana seized. In sentencing Batey, the district court increased his offense level by four levels under § 2K2.1(b)(5), finding that the firearms facilitated or potentially facilitated the drug offense.

On appeal, Batey argues that the government failed to show any temporal or physical connection between the firearms and the drug offenses. He maintains that he was merely storing the firearms for a friend.

Although the term "in connection with" is not defined in the guidelines, we have held that it is analogous to the phrase "in relation to" in 18 U.S.C. § 924(c) (2000). *United States v. Nale*, 101 F.3d 1000, 1003-04 (4th Cir. 1996). There was no dispute in this case that Batey possessed the firearms in his house while he was selling marijuana there. To show that the firearms were possessed "in connection with" the drug sales, the government had the burden of showing that the firearms facilitated or had the potential to facilitate the drug sales. *Id.* The government had the burden of proving the facts supporting the enhancement by a preponderance of the evidence. *Id.* The district court's findings of fact are reviewed for clear error. *Id.* We conclude the district court could reasonably infer that Batey possessed the firearms to protect his drugs and money, given that drug sales took place in the house and the loaded firearms were in such close proximity to

the marijuana. *United States v. Lett*, 264 F.3d 787, 791 (8th Cir. 2001); *United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2001); *United States v. Wyatt*, 102 F.3d 241, 248 (7th Cir. 1996).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*