[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14833
Non-Argument Calendar
_____

D. C. Docket No. 04-80006-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ENRIQUE RODRIQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 19, 2006)**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Jose Enrique Rodriguez appeals his 92-month sentence, imposed after he pled guilty to possession of firearms and rounds of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Rodriguez first argues that, in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court violated his Sixth Amendment rights by imposing sentence enhancements under U.S.S.G. § 2K2.1(b)(5) and § 3A1.2(b)(1) based on facts that were neither charged in the indictment, nor admitted by him. We review a preserved *Booker* claim on appeal *de novo*, but reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

In *Booker*, the Supreme Court (1) held that sentence enhancements based solely on judicial fact-finding pursuant to the mandatory Sentencing Guidelines violated the Sixth Amendment, and (2) excised the provisions of the Sentencing Reform Act that made the guidelines mandatory-18 U.S.C. §§ 3553(b)(1) and 3742(e) - thereby effectively rendering the Sentencing Guidelines advisory only. *Booker*, 543 U.S. at 233-35, 259-60, 125 S.Ct. at 749-51, 764-65. A *Booker* constitutional error is "the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge." *United States v. Mathenia*, 409 F.3d 1289, 1291 (11th Cir. 2005) (internal quotations and citations omitted). The use of extra-verdict enhancements in an advisory guidelines scheme, however, is

2

not unconstitutional. *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir), *cert. denied*, 125 S.Ct. 2935 (2005). The right to appeal a sentence based on *Booker* grounds may be waived pursuant to a plea agreement. *United States v. Grinard-Henry*, 399 F.3d 1294, 1297 (11th Cir.), *cert. denied*, 544 U.S. 1041, 125 S. Ct. 2279 (2005).

As an initial matter, Rodriguez expressly waived his right to challenge the Sentencing Guidelines under the Constitution. Even if Rodriguez had not waived this right, the district court did not violate *Booker* because, although it found facts supporting extra-verdict enhancements, it sentenced Rodriguez under an advisory guidelines scheme.

Next, Rodriguez argues that the district court erred in applying § 2K2.1(b)(5) predicated on his possession of the firearms and ammunition being in connection with the felony crimes of assault, battery, and resisting arrest with violence. First, Rodriguez contends that the crime of assault is a misdemeanor, and thus is irrelevant to the application of § 2K2.1(b)(5). Second, Rodriguez contends that the government did not show that he committed a battery under Florida law because the testimony adduced at sentencing indicated that the arresting officers made contact with him, and not vice-versa. Third, he argues that the government cannot show that he resisted arrest with violence because the testimony established

3

that, although he was attempting to squirm away from the officers, he was pinned in such a manner that he was incapable of doing violence. Additionally, Rodriguez argues that there was no evidence to establish that the firearm in his waistband was possessed "in connection with" any of the above felonies.

We review the district court's factual findings for clear error, and the court's application of the guidelines to a given set of facts *de novo*. *United States v. Jackson*, 276 F.3d 1231, 1233 (11th Cir. 2001). Section 2K2.1(b)(5) provides for an increase of four levels if the defendant used or possessed a firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). The "other offense" can be a federal, state, or local offense. U.S.S.G. § 2K2.1, comment. (n. 7). We give the phrase "in connection with" an expansive definition. *United States v. Matos-Rodriguez*,188 F.3d 1300, 1308-09 (11th Cir. 1999). A firearm is used "in connection with" an offense under the guidelines if the defendant possessed the firearm "with intent to use it to facilitate the commission of a felony offense, or with intent to use it should it become necessary to facilitate that crime." *Jackson*, 276 F.3d at 1234-35.

Because the record demonstrates that Rodriguez, in the process of resisting arrest, reached for a firearm in his possession while he was fleeing, and then struggled with law enforcement officers when apprehended, we conclude that the

district court did not err in applying an enhancement pursuant to § 2K2.1(b)(5).

Next, Rodriguez argues that the district court erred in assessing a three-point increase in his base offense level pursuant to § 3A1.2(b)(1). He argues that his conduct was neither the cause in fact, nor the proximate cause, of an officer's gunshot wound because that wound was the direct result of another officer's failure to follow his training in keeping his hand off of the trigger.

Section 3A1.2(b)(1) provides for a three-point increase to a defendant's base offense level if the defendant committed an assault against a law enforcement officer during the course of an offense, or the flight therefrom, creating a substantial risk of serious bodily injury. U.S.S.G. § 3A1.2(b)(1). The district court may apply this guideline if the defendant acts in such a manner as to endanger the lives of police officers who are attempting to arrest him. *United States v. Stanley*, 24 F.3d 1314, 1322 (11th Cir. 1994) (upholding the § 3A1.2(b)(1) enhancement where a police officer rammed into the defendant's fleeing car in order to protect his fellow officers). We repeatedly have held that, after *Booker*, a district court may continue to determine enhancements under the guidelines based on a preponderance of the evidence, so long as it only considers the guidelines as advisory. *See, e.g.*, *Rodriguez*, 398 F.3d at 1297.

We conclude that the district court did not err in applying an enhancement

pursuant to § 3A1.2(b)(1) because Rodriguez's actions created a substantial risk of serious bodily injury.

For the above-stated reasons, we affirm Rodriguez's sentence.

**AFFIRMED.**