[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2006
THOMAS K. KAHN
CLERK

No. 06-11394
Non-Argument Calendar

_____

D. C. Docket No. 05-00085-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 8, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Ramiro Hernandez appeals his 18-month sentence for possession

of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2), attacking the district court's application of a four-level sentencing enhancement, pursuant to U.S.S.G. § 2K2.1(b)(5), for use or possession of a firearm in connection with two other felony offenses, namely: (1) "deriv[ing] support or maintenance in whole or in part from what is believed to be the earnings or proceeds of such person's prostitution," in violation of Fla. Stat. § 796.05(1);[1] and (2) failing to file a written statement with the Commissioner of the Immigration and Naturalization Service ("INS") within five days of "keep[ing], maintain[ing], control[ling], support[ing], or harbor[ing] in any house or place for the purpose of prostitution . . . any individual, knowing or in reckless disregard of the fact that the individual is an alien," in violation of 18 U.S.C. § 2424(a).[2]

On appeal, Hernandez argues that the district court clearly erred in finding that the shotgun he possessed was involved in the other felonies because: (1) he was not shown to have actually gained earnings, support, or maintenance from prostitution, as required by Florida state precedent interpreting § 796.05; (2) the statute sanctions economic gain from prostitution rather than suggesting punishment for weapons violations; and (3) section 2424(a) is only a ministerial

---

[1]This violation is punishable up to five years imprisonment. *See* Fla. Stat. §§ 775.082(3)(d), 796.05(1).

[2]This violation is punishable up to 10 years imprisonment. *See* 18 U.S.C. § 2424(a).

reporting requirement, and "[t]he temporary possession of the firearm by [Hernandez] had nothing to do with the non-reporting to the INS and was therefore not connected." He also appears to argue for the first time on appeal that the offenses under § 796.05(1) and § 2424(a) should have been combined, for sentencing purposes and pursuant to U.S.S.G. § 3D1.2,[3] with each other and with the offense of conviction because these three offenses occurred contemporaneously and "although legally distinct offenses, represent[] essentially the same wrongful conduct[.]"

"This court reviews the district court's application and interpretation of the sentencing guidelines under the *de novo* standard of review, but reviews its findings of fact for clear error." *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002). The district court's determination that the defendant use a firearm "in connection with" another felony offense is reviewed for clear error. *United States v. Whitfield*, 50 F.3d 947, 949 n.8 (11th Cir. 1995); *see also United States v. Gainey*, 111 F.3d 834, 837 (11th Cir. 1997) (holding that district court's factual finding that the defendant possessed firearm "in connection with" his heroin offense was not clearly erroneous). Because Hernandez did not raise an argument under § 3D1.2 in the district court, we review this argument for plain error.

---

[3]This guideline provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2.

*See United States v. Shelton*, 400 F.3d 1325, 1328-29 (11th Cir. 2005).[4]

The Sentencing Guidelines provide that, for a defendant like Hernandez, who was convicted under 18 U.S.C. § 922(g), the base offense level is 14. *See* U.S.S.G. § 2K2.1(a)(6), comment. (n.3). "If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense," his offense level is increased by 4 levels, or to a minimum of level 18. *Id.* § 2K2.1(b)(5). The Guidelines define the term "another felony offense" as "offenses other than explosives or firearms possession or trafficking offenses." *Id.* § 2K2.1, comment. (n.15).

Because the Guidelines do not define the phrase "in connection with" in § 2K2.1(b)(5), we have held that the phrase should be interpreted expansively, not restrictively, and "merely reflects the context of [the defendant's] possession of the firearm." *See Rhind*, 289 F.3d at 695 (brackets in original, quotations and citations omitted). "[T]he firearm does not have to facilitate the underlying offense." *Id.*

---

[4]To establish plain error, Hernandez must show that there is: "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Shelton*, 400 F.3d at 1328-29 (quotations and citations omitted).

Additionally, even if the "other" offense occurs contemporaneously with, and without a distinction of conduct from, the offense of conviction, the four-level enhancement may still be applied. *See United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2001) (upholding enhancement where defendant pled guilty to being a felon in possession of a firearm, which offense occurred contemporaneously with the "other" state felony of assault and battery of police officers). Further, firearm possession is "in connection with" other criminal activity when the possession "embolden[s]" the defendant to undertake the other criminal activity. *See id.* at 1234-35 (noting that when defendants' possession of firearms "len[t] support to an inference that the defendants would have, if necessary, used their firearms in furtherance of their crimes[,]" this inference permitted a finding that the possession was "in connection with" the crimes of conviction).

The district court did not err, plainly or otherwise, in failing to group Hernandez's illegal conduct together or clearly err in finding that Hernandez possessed the shotgun in connection with other offenses. First, Hernandez's argument that the two prostitution-related offenses each constituted just "any other" and not "another" felony offense is without merit because the Guidelines specifically provide that the term "another felony offense" includes "offenses other

than explosives or firearms possession or trafficking offenses." U.S.S.G. § 2K2.1, comment. (n.15). Hernandez's "other offenses" were prostitution-related offenses, which did not involve explosives, firearms, or trafficking. Likewise, no "distinction of conduct" between the offense of conviction and the other felony offense need exist. *See Jackson*, 276 F.3d at 1234.[5]

Additionally, Hernandez's argument that these offenses should have been grouped together, pursuant to U.S.S.G. § 3D1.2, is without merit. Section 3D1.2 provides that "[a]ll *counts* involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2 (emphasis added). Hernandez was only charged with *one count* of firearm possession by an illegal alien. Therefore, there were no *counts* to be grouped together. *Cf.* U.S.S.G. § 3D1.2, comment. (n.6) (providing that firearms counts are to be grouped together when "[t]he defendant is convicted of *three counts* of unlicensed dealing in firearms") (emphasis added). Thus, the district court did not commit error, plain or otherwise, in applying the enhancement.

Furthermore, Hernandez's argument that these offenses were not "in

---

[5]Hernandez's citation of *United States v. Szakacs*, 212 F.3d 344 (7th Cir. 2000) (persuasive authority), is unpersuasive. In *Szakacs*, the defendants were convicted for conspiracy to steal firearms from a licensed dealer, and the Seventh Circuit refused to apply § 2K2.1(b)(5)'s four-level enhancement for the "other" state felony of conspiracy to commit burglary because "the state law offense and the federal offense were essentially the same crime." *See id.* at 349-50. Here, however, Hernandez's offense of conviction (firearm possession by an illegal alien) is substantively different than the prostitution-related offenses underlying the enhancement.

6

connection with" his offense of conviction conduct also fails. Hernandez admitted to the facts recalled in the presentence investigation report ("PSI"), which stated that he worked for approximately six months at a house where he knew there was a shotgun and loaded it on one occasion; and where he performed the duties of protecting the house (possibly with the aid of the shotgun), and ensuring that patrons paid in advance for sex with individuals whom Hernandez believed to be illegal aliens.

Under our expansive view of the phrase "in connection with," Hernandez's admissions provided facts upon which the district court could easily determine that Hernandez's shotgun possession occurred in connection with both: (1) his derivation of support or maintenance from prostitution, in violation of Fla. Stat. § 796.05(1);[6] and (2) his failure to file a written statement with the Commissioner of the INS within five days of keeping, maintaining, controlling, supporting, or harboring individuals he knew to be aliens in the house for the purpose of prostitution, in violation of 18 U.S.C. § 2424(a). *See Rhind*, 289 F.3d at 695 (concluding that this Court expansively interprets the phrase "in connection with").

---

[6]Hernandez's contention that the government did not show that he derived support from prostitution is without merit because he admitted to *working* for six months as a doorman at a house of prostitution. *Cf. State v. Morris*, 540 So.2d 226 (Fla. Dist. Ct. App. 1989) (holding that merely getting support from someone known to engage in prostitution is insufficient for a conviction under § 796.05(1)).

7

Like the defendants discussed in *Jackson*, Hernandez's shotgun possession, which he admitted served to protect the prostitution house, emboldened him in undertaking his other criminal activities of earning money from prostitution and failing to report prostitution performed by illegal aliens. *See Jackson*, 276 F.3d at 1234-35 (defendants' firearm possession "len[t] support to an inference that the defendants would have, if necessary, used their firearms in furtherance of their crimes"). Accordingly, the district court did not clearly err in applying the four-level enhancement, and we affirm Hernandez's sentence.

**AFFIRMED.**