[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10147
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00026-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY D. PINCKNEY,

Defendant -Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 28, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Harry D. Pinckney appeals his 75-month sentence, which the district court

imposed after he pleaded guilty to being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1). On appeal, Pinckney contends that the district court erred in applying a four-level enhancement to his offense level pursuant to U.S.S.G. § 2K2.1(b)(6) because he possessed a firearm in connection with a felony offense. Pinckney also argues that his trial counsel rendered ineffective assistance by failing to object to the presentence investigation report's (PSI's) application of § 2K2.1(b)(6) and by failing to show that his firearm possession did not meet the requirements for an enhancement under that section. Because the district court did not plainly err in applying the § 2K2.1(b)(6) enhancement to Pinckney's offense level, and because we decline to address the merits of Pinckney's ineffective assistance of counsel claim in this proceeding, we affirm.

I.

Pinckney for the first time on appeal argues that the district court erred when it applied § 2K2.1(b)(6) to enhance his sentence; accordingly, we review for plain error. *United States v. Swatzie*, 228 F.3d 1278, 1281 (11th Cir. 2000). To establish plain error, a defendant must show that there is "(1) error, (2) that is plain, and (3) that affect[s] substantial rights . . . . If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of

2

judicial proceedings." *Id.* (alteration in original) (internal quotation marks omitted).

The district court did not plainly err in its calculation of Pinckney's sentencing guideline range. When calculating the guideline range for a § 922(g) firearm offense, a four-level enhancement applies if the defendant "used or possessed any firearm or ammunition in connection with another felony offense . . . ." U.S.S.G. § 2K2.1(b)(6). At the time of his arrest, Pinckney possessed less than an ounce of marijuana in addition to the firearm. Because of his prior drug convictions, however, Pinckney's marijuana possession was classified as a felony for sentencing purposes. 21 U.S.C. § 844(a). Despite this, Pinckney contends that his firearm possession was not "in connection with" his possession of marijuana and that the four-level enhancement under § 2K2.1(b)(6) should not apply.

We conclude that the district court did not clearly err in applying the enhancement. "In connection with" is defined by the guidelines to mean the firearm "facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. n.14(A). Thus, the phrase "in connection with" does not require proof that the firearm actually facilitated the other felony offense. *Id.* In *United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2007), we noted that "in

certain circumstances, mere possession of a firearm can be enough to apply a sentencing enhancement" when that possession occurred contemporaneously with another felony. "For instance, where it is reasonable to assume that a defendant possesses a firearm, even without using it, to prevent the theft of counterfeit currency in his possession, an enhancement is properly applied." *Id.*

Based on this court's interpretation of the "in connection with" language of § 2K2.1(b)(6), the district court did not commit plain error in finding that the firearm at least had the potential to facilitate Pinckney's marijuana possession, possibly to prevent the theft of the marijuana.

II.

Pinckney also contends that his trial counsel was ineffective in failing to (1) object to the § 2K2.1(b)(6) enhancement set forth in the PSI and (2) establish that Pinckney's firearm possession was for "self-protection" and was therefore not "in connection with" the marijuana possession. "We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

Although Pinckney raised these two claims of ineffective assistance of counsel in a § 2255 petition before the district court, the district court did not

reach the merits of the claims because it granted Pinckney's petition on other grounds.  Because the district court did not entertain Pinckney's claims or develop a factual record, we will not consider his claims of ineffective assistance of counsel in this appeal.

**AFFIRMED**.