[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15590
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00557-JDW-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO LEE BROWN,
a.k.a. Mario Lee Gibbs,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 21, 2012)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Mario Brown appeals his conviction after conditionally pleading guilty to

one count of possession of a firearm by a person convicted of a felony, in violation

of 18 U.S.C. § 922(g)(1).  Brown makes two arguments on appeal.  First, the

district court should have suppressed evidence that was seized during the warrantless search of his vehicle. Second, the court erred by assigning him a base offense level of 34, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), after finding that he used a deadly weapon in connection with a crime of violence.

## I.

Brown argues that the warrantless search of his vehicle violated his Fourth Amendment rights under the United States Constitution and thus the fruits of that search, including a gun, should have been suppressed.

We review the district court's denial of a motion to suppress under a mixed standard, reviewing the findings of fact for clear error, and the application of the law *de novo*. *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). We give the court substantial deference to determine the credibility of testimony, and construe facts in the light most favorable to the prevailing party. *Id*.; *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003).

When there is probable cause to believe that contraband or evidence is present in a readily-mobile vehicle, a warrant is not required to search the vehicle. *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996). There is probable cause where the totality of the circumstances establishes a fair probability that the vehicle contains contraband or evidence of a crime. *United States v. Tamari*, 454 F.3d 1259, 1261-62 (11th Cir. 2006). Such

circumstances exist where contraband is in plain view in the vehicle. *See United States v. Spoerke*, 568 F.3d 1236, 1249 (11th Cir. 2009).

In this case, the district court credited the testimony of the Florida Highway Patrol officers that stopped Brown after receiving reports that gun shots had emanated from his vehicle, and that, upon instituting the stop, observed a bag of marijuana in plain view and smelled burnt marijuana in the vehicle. Based on these findings, the totality of the circumstances indicated a fair probability that there was contraband in Brown's car and because there was probable cause to search the readily-mobile car, the district court did not err in denying Brown's motion to suppress.

## II.

Brown next argues that the district court erred by assigning him a base offense level of 34, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), after finding that he used a gun in connection with a crime of violence.

We review the factual findings of the district court for clear error, and the application of the Guidelines to the facts *de novo*. *United States v. Jackson*, 276 F.3d 1231, 1233 (11th Cir. 2001). To establish a base offense level of 34 under U.S.S.G. § 4B1.4(b)(3)(A), the government must prove by a preponderance of the evidence that the defendant committed a crime of violence. *United States v. Terzado-Madruga*, 897 F.2d 1099, 1124-25 (11th Cir. 1990).

In Florida, the elements of aggravated assault are: (1) the defendant intentionally and unlawfully threatened to do violence to another, (2) the defendant, at that time, appeared to have the ability to carry out the threat, (3) the defendant created a well-founded fear in the mind of the other that the violence was about to take place, and (4) the assault was made with a deadly weapon. FLORIDA STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES, 8.2 (Aggravated Assault, FLA. STAT. § 784.021). Under the first element, the government must prove that the defendant was substantially certain that his actions would put another person in fear of imminent violence. *Pinkney v. State of Florida*, 74 So.3d 572, 576 (Fla. Dist. Ct. App. 2011). The government need not show that the defendant had the specific intent to do violence to another person. *Id*.

Here, Brown's intent to threaten violence against another is evidenced by the fact that Brown drove erratically while attempting to keep pace with another vehicle and the evidence reflected that gun shots were fired by Brown's vehicle. Based on the evidence in this case, the court did not err in ruling that Brown had committed an aggravated assault when calculating his base offense level under the Sentencing Guidelines.

**AFFIRMED.**

4