[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12166
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00386-AKK-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZACKERY V. KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 23, 2017)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Zackery King appeals his 70-month concurrent sentences of imprisonment

after pleading guilty to two counts of possessing a firearm as a convicted felon, in

violation of 18 U.S.C. § 922(g)(1). King argues that the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm "in connection with another felony offense." The fact that he sold a pistol and methamphetamine in the same transaction, King contends, is insufficient to show he possessed the pistol "in connection with" the sale of methamphetamine. The government responds that the enhancement was appropriate because the pistol had the potential to facilitate the methamphetamine sale. Even if the district court erred in applying § 2K2.1(b)(6)(B), however, the error was harmless because the district court expressly stated that it would have imposed the same total sentence regardless of the enhancement, and because the sentence, absent the enhancement, is substantively reasonable. Accordingly, we affirm.

We generally review the district court's interpretation and application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002). A district court's finding that a defendant possessed a firearm "in connection with" another felony offense is generally reviewed for clear error. *See United States v. Whitfield*, 50 F.3d 947, 947 & n.8 (11th Cir. 1995) (reviewing the district court's finding that the defendant used a gun in connection with two burglaries for clear error); *see also United States v. Carillo-Ayala*, 713 F.3d 82, 88 (11th Cir. 2013) ("[W]e generally review a

district court's application of [a legal] standard to 'a detailed fact pattern' for clear error.").

The Sentencing Guidelines provide for a four-level enhancement to the base offense level of an illegal firearm conviction if the defendant possessed the firearm "in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  The phrase "in connection with" is not defined in § 2K2.1, but the commentary to that section explains that the enhancement applies "if the firearm . . . facilitated, *or had the potential of facilitating*," the additional offense.  U.S.S.G. § 2K2.1 cmt. n.14(A) (emphasis added).  The commentary further states that the enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the potential of facilitating" the drug offense. *Id.* cmt. n.14(B).

Similarly, this Court has indicated that the phrase "in connection with," as used in § 2K2.1(b)(6)(B) and other sections of the Guidelines, should be given an "expansive interpretation."  *Rhind*, 289 F.3d at 695 (stating that "the firearm does not have to facilitate the underlying offense"); *see United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007) (noting that "we have expressly rejected a more restrictive interpretation").  We have also determined that "[a] firearm found in close proximity to drugs or drug-related items simply '*has*'—without any

requirement for additional evidence—the potential to facilitate the drug offense."
*Carillo-Ayala*, 713 F.3d at 92 (emphasis in original).

At sentencing, King argued that the pistol he sold to a confidential informant did not facilitate or have the potential to facilitate the sale of methamphetamine. King noted that the two sales were separately arranged and that, because he had a well-established relationship with the confidential informant, he never anticipated using the pistol during the transaction. The government responded that the pistol nonetheless had the potential to facilitate the drug sale because of the close proximity of the pistol and the drugs. The district court overruled King's objection to the application of the four-level enhancement under § 2K2.1(b)(6)(B), concluding that the pistol's close proximity to the drug sale was sufficient to support the enhancement.

The district court's conclusion is consistent with this Circuit's precedent and the commentary to § 2K2.1. *See Carillo-Ayala*, 713 F.3d at 92 ("A firearm found in close proximity to drugs or drug-related items simply '*has*'—without any requirement for additional evidence—the potential to facilitate the drug offense."); *id.* at 98 ("A defendant drug dealer who knows he is selling both drugs and guns to a person he believes to be another drug dealer possesses the firearms he sells 'in connection with' his drug offense, even if the guns and drugs are 'sold separately.'"); *United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2001)

4

("[A] defendant possesses a firearm 'in connection with' possession with intent to distribute heroin where he possesses both the gun and the narcotics on his person at the same time."); U.S.S.G. § 2K2.1 cmt. n.14(B).  Given this precedent, we cannot say that the district court clearly erred in finding that King possessed the pistol in connection with the drug sale.

In any case, even assuming, *arguendo*, that the district court erred in applying § 2K2.1(b)(6)(B), we will not reverse a sentence based on an erroneous calculation of the guideline range if the error is harmless.  *United States v. Perkins*, 787 F.3d 1329, 1341 (11th Cir. 2015).  A calculation error is harmless when (1) the district court clearly indicates that it would have imposed the same sentence regardless of the enhancement and (2) the sentence imposed is substantively reasonable even if the guideline issue had been decided in the defendant's favor. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

Here, the district court expressly stated that it would have imposed the same 70-month total sentence of imprisonment regardless of how it resolved the guideline issue.  Thus, remand for correction of the error would be unnecessary because we know what sentence the court would impose on remand.  *See id.*

Our inquiry, therefore, turns to whether the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.  *Id.*  Had the court not applied § 2K2.1(b)(6)(B), King's advisory guideline range would have

5

been 46 to 57 months, rather than 70 to 87 months. Accordingly, the question is whether the total 70-month sentence is substantively reasonable using the lower range.[1] *Id.*

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (*en banc*). In conducting our review, we consider the totality of the circumstances and whether the statutory factors in § 3553(a) support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing its sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, any pertinent policy statements of the

---

[1] The judgment reflects that King's total sentence was 29 months of imprisonment, as he received credit for the 41 months he had already served in state custody for relevant conduct.

Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The court must consider all of the § 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). We will overturn a sentence, however, if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). A sentence well below the statutory maximum penalty is an indicator of reasonableness. *Gonzalez*, 550 F.3d at 1324.

The district court did not abuse its discretion in imposing the 70-month total sentence. The court expressly mentioned several of the § 3553(a) factors and then concluded that the sentence, in light of the § 3553(a) factors, was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing." King has pointed to nothing in the record to indicate that the court committed a clear error of judgment and imposed a sentence outside the range of reasonable sentences based on the facts of this case. *See Irey*, 612 F.3d at 1190; *Rosales-Bruno*, 789 F.3d at 1254. His two offenses were serious, *see United States v. Jones*, 601 F.3d 1247, 1257 (11th Cir. 2010) ("[P]ossession of ammunition by a

convicted felon and drug user are clearly serious crimes."), and, despite his relatively young age (27 at the time of sentencing), King still scored into criminal history category V, indicating the need for the sentence to afford adequate deterrence.    That the 70-month total sentence was well below the statutory maximum of 120 months for both counts is a further indicator of reasonableness. *See Gonzalez*, 550 F.3d at 1324; 18 U.S.C. § 924(a)(2).    Accordingly, we affirm the total sentence as substantively reasonable.

**AFFIRMED.**