[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12697
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00074-WSD-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 13, 2018)

Before TJOFLAT, MARCUS and NEWSOM, Circuit Judges.

PER CURIAM:

Joshua Davis, a former armored truck driver for Brinks, Inc., appeals his convictions and sentences for theft in violation of 18 U.S.C. § 2113(b) and possession of stolen funds in violation of 18 U.S.C. § 2113(c).  On appeal, he

argues that: (1) the district court erred by admitting the out-of-court statements of his wife in violation of the Sixth Amendment's Confrontation Clause; and (2) the district court erred in applying a sentencing enhancement for possession of a firearm in connection with his offense.  After careful review, we affirm.

We review evidentiary rulings for abuse of discretion, but review challenges to the admission of testimonial hearsay statements under the Confrontation Clause de novo.  United States v. Caraballo, 595 F.3d 1214, 1226 (11th Cir. 2010).  We review the district court's factual findings for clear error, and review de novo its application of the law to those facts, including its interpretation and application of the U.S. Sentencing Guidelines.  United States v. Johnson, 694 F.3d 1192, 1195 (11th Cir. 2012).  We've held that, if the district court has been apprised of an issue, considers its merits, and then issues a definitive ruling, it was properly preserved.  See United States v. Lall, 607 F.3d 1277, 1290 (11th Cir. 2010).

First, we are unpersuaded by Davis's claim that the district court erred by admitting the out-of-court statements of his wife, Philicia Morris.  The Sixth Amendment guarantees a defendant the right to be confronted with the witnesses against him.  U.S. Const. amend. VI.  The Confrontation Clause prohibits the admission of out-of-court statements that are testimonial unless the declarant is unavailable and the defendant had a previous opportunity to cross-examine the declarant.  Crawford v. Washington, 541 U.S. 36 (2004).  However, "if a trial court

2

admits a statement, made by an available declarant whom the defendant has not had the opportunity to cross-examine, for a purpose other than for the truth of the matter asserted, the admissibility of that statement does not violate the Confrontation Clause." United States v. Jiminez, 564 F.3d 1280, 1287 (11th Cir. 2009); see also Crawford, 541 U.S. at 59 n.9 (holding that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted"). "Testimonial" means statements which are usually solemn declarations made for the purpose of establishing some fact. Crawford, 541 U.S. at 51. "Hearsay" refers to an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c).

We've held that statements made by out-of-court witnesses to law enforcement may be admitted as non-hearsay if they are relevant to explain the course of the official's subsequent investigative actions, and the probative value of the evidence's non-hearsay purpose is not substantially outweighed by the danger of unfair prejudice caused by the impermissible hearsay use of the statement. United States v. Hawkins, 905 F.2d 1489, 1495 (11th Cir. 1990); United States v. Ransfer, 749 F.3d 914, 925 (11th Cir. 2014). "It is the existence of the statement, not its veracity, that provides the explanation, and thus there is no reason to think about its admissibility in Confrontation Clause terms." Jiminez, 564 F.3d at 1287.

3

Alleged violations of the Confrontation Clause are subject to harmless error review. United States v. Carter, 776 F.3d 1309, 1328 (11th Cir. 2015). Hearsay errors are harmless "if, viewing the proceedings in their entirety, a court determines that the error did not affect the verdict, or had but very slight effect." Id. (quotation omitted). In other words, harmless error occurs where it is clear beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. Id. Further, a jury is free to disbelieve a defendant's testimony and consider it substantive evidence of his guilt. United States v. Rivera, 780 F.3d 1084, 1098 (11th Cir. 2015).

Reviewing the issue de novo,[1] we conclude that the district court did not err in admitting Morris's statements. According to the evidence admitted at trial, the theft occurred on the evening of October 15, 2015, when Davis's Brinks truck had run out of gas after a full day of servicing ATMs. While he and his co-worker, Naheem Carrington, waited for a tow truck, Morris (Davis's then-girlfriend and later, wife) had arrived to get them food, and Davis had taken a black bag into Morris's car and left. A bystander had seen Davis and called police, and upon their arrival, Carrington called Davis to return to the truck and mentioned money and a black bag. When Davis returned, the police searched Davis's black bag and found

---

[1]     While the government argues that Davis failed to preserve his Confrontation Clause challenge below because he only objected to his wife's testimony on hearsay grounds, the district court preserved the issue by delivering a definitive decision. Lall, 607 F.3d at 1290.

only his employee firearm. After money was discovered missing from the ATMs and an investigation ensued, Davis initially denied to law enforcement officers that he had stolen anything. Morris was later interviewed, and she admitted that on the night in question, she had overheard Carrington mention a black bag on the phone, and in response to her questions, Davis had admitted to her that he had brought money into her car, she had "freaked out," she had told Davis to get the money out of her car, and Davis had stuffed the money into a pink bag and threw it out the window. Then, in a follow-up interview, Davis admitted that he had stolen money that evening, had dumped most of it out of Morris's car and into a vacant lot, and had returned to the lot but was unable to recover the money. Davis also admitted that he had taken some money from the bag before he threw it, and eventually gave to police $3,200 in $20 bills he had stored in his closet. On direct examination at trial, however, Davis denied taking any money from the ATMs in an unauthorized manner. On cross-examination, Davis conceded that the money he had returned to the FBI contained only $20 bills, but he argued that the money had come from side-jobs. An agent testified the bills were consistent with what would be issued from an ATM in that they were not crumpled or folded.

On this record, Morris's statements to law enforcement were not hearsay admitted in violation of the Confrontation Clause because the government did not introduce her statements to prove the truth of the matter asserted. Jiminez, 564

5

F.3d at 1287.  Rather, they were admitted for the limited purpose of explaining subsequent events.  For example, Morris's command that Davis get the stolen money out of her car explained why he looked for somewhere to throw the money while she was driving and why he threw the money out the window.  They clarified why Davis did not have money in his bag when police searched it and the car after he returned to the Brinks truck.  They also explained why, after Morris told law enforcement details about the theft, officers re-interviewed Davis and why he changed his story.  So while Morris's statements inculpated Davis in the theft, they did not amount to hearsay because it did not matter whether those facts were true.  And because they were not hearsay, the district court was allowed to weigh the danger of unfair prejudice against the probative value of the statements' non-hearsay purpose, and acted well within its discretion in admitting the statements. Hawkins, 905 F.2d at 1495; Ransfer, 749 F.3d at 925.

Further, even if the court did err, the error was harmless beyond a reasonable doubt.  Carter, 776 F.3d at 1328.  The government introduced a substantial amount of evidence showing that Davis had stolen the money, including his previous admissions to law enforcement that he had stolen the money and returned some of it to them, as well as video recordings of Davis servicing the shorted ATMs on the day they were robbed, an eyewitness account of Davis removing a black bag from his Brinks truck and placing it into Morris's car, Davis's admission on the stand

6

that he had given $20 bills to law enforcement, and testimony that the bills were consistent with ATM money.  Moreover, Davis denied taking the money on the stand, and the jury chose to disbelieve his testimony and may have determined that it was substantive evidence of his guilt.  Rivera, 780 F.3d at 1098.  In light of this evidence, we conclude that it is clear beyond a reasonable doubt that the introduction of Morris's statements did not contribute to Davis's guilty verdict.  Carter, 776 F.3d at 1328.  The error, if any, was harmless.

We likewise reject Davis's claim that the district court erred in imposing a sentencing enhancement.  The Sentencing Guidelines provide for a two-level offense increase if a defendant possessed a dangerous weapon, such as a firearm, in connection with his offense of conviction.  U.S.S.G. § 2B1.1(b)(15)(B).  We've held, in certain cases, that mere possession of a firearm during the commission of an offense can be sufficient to apply a sentencing enhancement.  United States v. Jackson, 276 F.3d 1231, 1234 (11th Cir. 2001) (holding that it would be reasonable to apply a sentencing enhancement for mere possession "where it is reasonable to assume that a defendant possesses a firearm, even without using it, to prevent the theft of counterfeit currency in his possession").  We look at the circumstances surrounding the offense and firearm possession to assess whether it is reasonable to infer that the firearm might be used during an offense.  See United States v. McClain, 252 F.3d 1279, 1288 (11th Cir. 2001).

In this case, the district court did not err in applying the enhancement nor did it clearly err in finding that Davis had possessed a firearm in connection with his offense.  Although Davis never used the weapon during the theft, and was required to wear it as part of his uniform, the district court could and did reasonably infer that Davis might have used it if defending the money he had stolen had become necessary at some point.  McClain, 252 F.3d at 1288.  The fact that Davis took the gun with him and placed it in the bag containing his stolen money when Morris picked him up further supports the inference that he carried the weapon in order to protect the money, because he would have been able to access it if the need had arisen, and he was no longer on the job at that point.  Jackson, 276 F.3d at 1234.  Finally, the plain language of § 2B1.1 suggests that all that is required is that the firearm be possessed in connection with the offense, and it is undisputed that Davis had his gun with him all throughout the period in which he robbed the ATMs and then carried the money away.  U.S.S.G. § 2B1.1(b)(15)(B).  Accordingly, we affirm.

**AFFIRMED.**